IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., and CORIZON, LLC,<br><br>Defendants. | Civil Action No. _____<br><br>Removed from the Circuit Court of Boone County, Missouri<br>Case No. 22BA-CV01701 |

## NOTICE OF REMOVAL

Defendants Corizon Health, Inc. and Corizon, LLC (together "Defendants" or "Corizon"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this matter from the Circuit Court for Boone County, Missouri to the United States District Court for the Western District of Missouri, Central Division. As grounds for removal, Corizon states as follows:

1. On May 11, 2022, Plaintiffs filed a Complaint against Corizon in the Circuit Court for Boone County, Missouri, Civil Action No. 22BA-CV01701 (hereinafter the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in this action are attached hereto as **Exhibit A**.

3. This removal is timely under 28 U.S.C. § 1446(b) because Corizon was served with a copy of the complaint and summons on May 26, 2022, and this notice of removal is being filed

within the 30 days of that date, accounting for the fact that the last day of the 30-day period fell on a Saturday. *See* Fed. R. Civ. P. 6(a)(1)(C).

4. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.00. Therefore, the action is removable pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY AMONG THE PARTIES

5. The State Court Action has two named plaintiffs, the Curators of the University of Missouri on behalf of University of Missouri Health Care and University Physicians and Capital Region Medical Center ("Plaintiffs").

6. At the time of filing and all times relevant to this action, Plaintiff Capital Region Medical Center was and is a citizen and resident of the state of Missouri. (Compl. ¶ 2). There are no Plaintiffs that are a citizen of a state other than Missouri.

7. Defendant Corizon Health, Inc. is, and at the time of filing of this action was, a corporation. For jurisdictional purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant Corizon Health, Inc. is incorporated in the state of Texas and has a principal place of business in Tennessee. (*See* Compl. ¶ 3; Decl. of J. Scott King, attached hereto as **Exhibit B**, ¶ 5).[1] Thus, for jurisdictional purposes, Defendant Corizon Health, Inc. is a citizen of the states of Texas and Tennessee.

8. Defendant Corizon, LLC was a limited liability company. For jurisdictional purposes, the citizenship of an unincorporated association (such as a limited liability company) is

---

[1] Previously, Defendant Corizon Health, Inc. was incorporated in the state of Delaware with a principal place of business in Tennessee. Decl. of J. Scott King, **Ex. B**, ¶ 5.

based on the citizenship of its member(s).  *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019).  Defendant Corizon, LLC had one member: Corizon Health, Inc. (Compl. ¶ 4; Decl. of J. Scott King, **Ex. B**, ¶ 6).  Corizon Health, Inc. is incorporated in the state of Texas and has a principal place of business in Tennessee.  Decl. of J. Scott King, **Ex. B**, ¶ 5.  Thus, for jurisdictional purposes, Defendant Corizon Health, Inc. is a citizen of the state of Texas and Tennessee.  *See* 28 U.S.C. § 1332(c)(1).  As such, at the time of the allegations in the Complaint, Corizon, LLC was a citizen of the states of Texas and Tennessee, regardless of whether it maintained its principal place of business in Missouri.  Decl. of J. Scott King, **Ex. B**, ¶¶ 5–6.  However, as of the time of filing of the Complaint and this notice of removal, Corizon, LLC had merged with Corizon Health, Inc., leaving Corizon Health, Inc. remaining as the surviving entity. *Id.* ¶ 6.  Because citizenship is to be determined as of the date of filing of the complaint and the notice of removal (*Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014)), this conclusively establishes that both Defendants are citizens of Texas and Tennessee.

9. Because Plaintiff Capital Region Medical Center is a citizen and resident of the state of Missouri and the Corizon Defendants are citizens of the states of Texas and Tennessee (Decl. of J. Scott King, **Ex. B**, ¶¶ 5–6), there is complete diversity of citizenship in accordance with 28 U.S.C. § 1332(a)(1).

10. Plaintiffs' allegation to the contrary in Paragraph 12 of the Complaint is meritless. (*See* Compl., ¶ 12).  That Plaintiff The Curators of the University of Missouri is an "arm of the State of Missouri" (*Id.* (citing *Sherman v. Curators of Univ. of Mo.*, 871 F. Supp. 344, 346 (W.D. Mo. 1994))), does not mean that "[t]his case is not removable to federal court." (*Id.*)  Indeed, *Sherman* merely stands for the proposition that Plaintiff The Curators of the University of Missouri has sovereign immunity.  *See* 871 F. Supp. at 346.  Plaintiffs' other cited authority, *Brantl v.*

*Curators of Univ. of Mo.,* 616 S.W.3d 494 (Mo. Ct. App. 2020) stands for the same proposition, and in no way bars removal of this case. Moreover, contrary to Plaintiffs' false assertion otherwise, *Brantl* was not decided by this Court, but rather the Missouri Court of Appeals. (*See* Compl., ¶ 12).

## AMOUNT IN CONTROVERSY

11. Plaintiffs seek "in excess of $12,000,000.00, including interest at the rate of one percent (1%) per month that continues to accrue"). (Compl. ¶ 33).

12. Accordingly, the amount in controversy exceeds $75,000.00, and the requisite amount in controversy for federal diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

## PROPER COURT FOR REMOVAL

13. The United States District Court for the Western District of Missouri, Central Division, is the appropriate court for filing a notice of removal from the Boone County Circuit Court. *See* 28 U.S.C. § 105(b)(4). Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**WHEREFORE**, Corizon respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Boone County, Missouri to the United States District Court for the Western District of Missouri, Central Division.

Respectfully submitted,

  /s/ R. Thomas Warburton
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL. 35203
205.521.8987
twarburton@bradley.com

*Counsel for Defendants Corizon Health, Inc. and Corizon, LLC*

# CERTIFICATE OF SERVICE

   I hereby certify that on June 27, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and/or via first-class U.S. mail, postage prepaid, upon all counsel as indicated below. Parties may also access this filing through the Court's ECF system.

  Patrick J. Stueve
  Ethan M. Lange
  Jordan A. Kane
  Stueve Siegel Hanson LLP
  460 Nichols Road, Suite 200
  Kansas City, MO. 64112
  stueve@stuevesiegel.com
  lange@stuevesiegel.com
  kane@stuevesiegel.com

  *Co-Counsel for Plaintiffs*

                  /s/ R. Thomas Warburton
                 R. Thomas Warburton