**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| THE CURATORS OF THE UNIVERSITY OF MISSOURI, et al., | |
| Plaintiffs, | |
| v. | Case No. 2:22-cv-04100-NKL |
| CORIZON HEALTH, INC., et al., | |
| Defendants. | |

## SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND ATTORNEYS' FEES

Plaintiffs The Curators of the University of Missouri (the "University") and Capital Region Medical Center ("Capital Region") (collectively, "Plaintiffs") move to remand this case from the United States District Court for the Western District of Missouri back to the Circuit Court of Boone County, Missouri. Because the University is an undisputed arm of the State of Missouri, its presence as a Plaintiff destroys diversity jurisdiction, rendering Defendants' removal under 28 U.S.C. § 1332(a) legally unsupported. Further, because Defendants were on notice that the University is an arm of the State of Missouri and that diversity jurisdiction was lacking, it had no reasonable basis to remove this action to federal court. Accordingly, Plaintiffs also move for costs and fees under 28 U.S.C. § 1447(c). In support of this Motion, Plaintiffs state as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2022, Plaintiffs filed a Petition against Defendants in the 13th Judicial Circuit, Boone County, Missouri. Dkt. 1-1. Plaintiffs alleged two common-law causes of action: breach of contract (Count I) and breach of covenant of good faith and fair dealing (Count II). To avoid the

waste of party and judicial resources related to an improvident removal of this action to federal court, Plaintiffs proactively pled that the case is "not removable to federal court" because: (1) "diversity jurisdiction under 28 U.S.C. 1332(a) does not exist," as the University "is an 'arm of the state of Missouri,' and thus is not a 'citizen' of a different state for diversity jurisdiction under 28 U.S.C. § 1332(a)," and (2) "Plaintiffs do not assert any federal question." *Id.* at ¶¶ 12-13.

Nevertheless, on June 27, 2022, Defendants removed this action, asserting this "Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between parties whose citizenship is diverse." Dkt. 1 at ¶ 4. Despite their burden to establish diversity of citizenship, Defendants do not allege any "citizenship" for the University. *See generally id.* Instead, Defendants acknowledge that the University is an arm of the State of Missouri, but contend this fact does not prevent removal to federal court. *Id.* at 3 ¶ 10. Defendants cite no authority to support this position, and provide no other basis for removal.

## ARGUMENT

### I. Legal Standard.

"Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court." *Krispin v. May Dept. Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). The removing party "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Malone v. Canyon Creek Apartments, LLC*, No. 4:20-00553-CV-RK, 2020 WL 5043065, at *1 (W.D. Mo. Aug. 26, 2020) (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005)). All doubts about federal jurisdiction "must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015).

Because the University is an arm of the State of Missouri and is not a citizen for purposes of diversity jurisdiction, Defendants do not, and cannot, meet their burden to prove that federal subject matter jurisdiction exists under 28 U.S.C. § 1332(a).

## II. This Case Should be Remanded to State Court Because No Diversity of Citizenship Exists.

This Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a). For a federal court to exercise diversity jurisdiction, a civil action must be between "citizens of different states." 28 U.S.C. § 1332(a)(1); *see also Pub. Sch. Ret. Sys. of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011). It is "well settled" that "federal diversity jurisdiction requires complete diversity." *Wilkerson v. Missouri Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) (citing *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Malone*, 2020 WL 5043065, at *1.

There is "no question" that "a State is not a 'citizen' for purposes of § 1332(a)(1)." *Pub. Sch. Ret. Sys. of Missouri*, 640 F.3d at 826 (cleaned up) (citing *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973)); *see also Missouri State Employees' Ret. Sys. v. Credit Suisse, New York Branch*, No. 09-4224-CV-C-NKL, 2010 WL 318652, at *2 (W.D. Mo. Jan. 21, 2010) ("[s]tates have no citizenship for purposes of establishing diversity") (internal quotations omitted). "Nor is an entity that is merely an 'alter ego' or 'arm' of a State a citizen for purposes of § 1332(a)(1)." *Pub. Sch. Ret. Sys. of Missouri*, 640 F.3d at 826 (citing *Moor*, 411 U.S. at 717). Therefore, a lawsuit between an alter ego or arm of a state and a citizen or corporation of another state is not a suit between "citizens of different states" that will establish diversity of citizenship. *Wilkerson*, 279 F. Supp. 2d at 1080 (citing *Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("it is well settled that a suit between a state and a citizen . . . of another state is not between citizens of

different states")); *State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 200 (1929) (finding no diversity jurisdiction because the real party in interest was the state of Wyoming, acting through the state highway commission, and states are not citizens); *State Street Bank & Trust Co.*, 640 F.3d at 833 (finding no diversity jurisdiction where plaintiff retirement systems were merely arms of the state); *Missouri ex rel. Schmitt v. Happy Fun Events, LLC*, No. 4:21-cv-01387-MTS, 2021 WL 5865377, at *2 (E.D. Mo. Dec. 10, 2021) (granting plaintiff's motion to remand case removed under § 1332(a), finding plaintiff was "clearly" the alter ego of the state and thus "is not a citizen for diversity jurisdiction purposes" meaning the court "cannot have subject matter jurisdiction over this action under § 1332(a)(1)"); *see also McDaniel v. BNSF Ry.*, No. 2:14CV46 CDP, 2014 WL 3579570, at *2 (E.D. Mo. July 21, 2014) (dismissing claims for lack of subject matter jurisdiction where presence of a state arm as a defendant "destroys the complete diversity that might otherwise exist"). "[E]ven in cases where the remaining parties are otherwise diverse," the presence of a state arm "destroys complete diversity and thus defeats federal diversity jurisdiction." *McDaniel*, 2014 WL 3579570, at *3; *see also Wilkerson*, 279 F. Supp. 2d at 1080.

Here, it is well-settled that the University is an "arm of the state" of Missouri. *Hershey v. Curators of Univ. of Missouri*, No. 2:20-CV-04239-MDH, 2022 WL 1105743, at *4 (W.D. Mo. Apr. 13, 2022) ("This Court has held that the University is an arm of the state") (citing *Sherman v. Curators of Univ. of Missouri*, 871 F. Supp. 344 (W.D. Mo. 1994) (holding that the University of Missouri is an alter ego or instrumentality of the state)); *Ormerod v. Curators of Univ. of Missouri*, 97 F. App'x 71, 72 (8th Cir. 2004) (per curiam) (affirming dismissal of plaintiff's claim against the Curators of the University of Missouri based on Eleventh Amendment immunity); *Scherer v. Curators of Univ. of Missouri*, 49 F. App'x 658, 658 (8th Cir. 2002) (per curiam) (citing *Sherman* and affirming dismissal of ADA claim against the Curators of the University of Missouri

based on Eleventh Amendment immunity).[1] Indeed, Defendants concede that the University "is an 'arm of the state of Missouri.'" *See* Dkt. 1 at ¶ 10. Thus, the University's presence as a Plaintiff in this suit destroys complete diversity, and the case must be remanded.

Defendants counter by arguing *Sherman*, cited in Plaintiffs' Petition, does not foreclose removal because *Sherman* conducted the "arm of the state" analysis in the context of evaluating Eleventh Amendment immunity, and thus "*Sherman* merely stands for the proposition that Plaintiff The Curators of the University of Missouri has sovereign immunity." Dkt. 1 at ¶ 10. But the Eighth Circuit has made clear that the "arm of the state" standard used to determine Eleventh Amendment immunity is the same test for determining whether an entity is an "arm of the state" for purposes of diversity jurisdiction under § 1332(a)(2). *Pub. Sch. Ret. Sys. of Missouri*, 640 F.3d at 826 & n.3 (explaining it would "apply our Eleventh Amendment standard to determine whether the Retirement Systems are arms of the State of Missouri" for diversity purposes and that it "believe[s]

---

[1] *See also Brantl v. Curators of Univ. of Missouri*, No. 2:18-CV-04130-MDH, 2019 WL 2344131, at *2 (W.D. Mo. June 3, 2019) ("This Court has previously determined that the University of Missouri is considered an instrumentality of the State of Missouri and is entitled to Eleventh Amendment immunity. . . . Accordingly, the University is entitled to Eleventh Amendment immunity in this case"); *United States ex rel. Galuten v. Univ. of Missouri-Columbia*, No. 2:11-cv-04140-FJG, 2017 WL 5953302, at *5 (W.D. Mo. Mar. 29, 2017) ("numerous Eighth Circuit decisions hold that the University is entitled to Eleventh Amendment immunity. . . . the Court takes judicial notice of the numerous opinions finding that University to be an arm of the state"); *Smith v. Curators of Univ. of Missouri*, No. 17-4016-CV-C-WJE, 2017 WL 11492763, at *3 (W.D. Mo. Dec. 20, 2017) ("the University of Missouri is considered an instrumentality of the State of Missouri and is entitled to Eleventh Amendment immunity"); *Ajiwoju v. Univ. of Missouri-Kansas City*, No. 06-1005-CV-W-FJG, 2007 WL 1192189, at *2 (W.D. Mo. Apr. 19, 2007) ("it is clear that the University of Missouri is a state instrumentality and is entitled to Eleventh Amendment immunity"); *Long v. Curators of Univ. of Missouri*, No. 92-0814-CV-W-6, 1993 WL 52821, at *1 (W.D. Mo. Feb. 23, 1993) ("The law is clear and the plaintiff does not dispute that the Curators of the University of Missouri are representatives of the State entitled to immunity under the Eleventh Amendment"); *Brantl v. Curators of Univ. of Missouri*, 616 S.W.3d 494, 499 (Mo. App. W.D. 2020) ("The University is considered an instrumentality of the State of Missouri and, therefore, is entitled to Eleventh Amendment immunity. Federal courts have consistently determined that the University is entitled to Eleventh Amendment immunity on numerous occasions.").

our well-developed standard for determining whether an entity is an arm of a State for purposes of the Eleventh Amendment allows us to thoroughly consider" the same under the diversity jurisdiction analysis); *see also Missouri State Employees' Ret. Sys.*, 2010 WL 318652, at *2 ("The United States Court of Appeals for the Eighth Circuit has indicated the arm-of-the-state diversity and Eleventh amendment analyses are congruent . . . . the only distinction between them to have received judicial recognition to date is that the state may waive its eleventh amendment sovereign immunity but is unable to waive the lack of subject matter jurisdiction").

In short, the University is not a citizen of a state for purposes of 28 U.S.C. § 1332(a), and consequently, complete diversity is lacking.[2] Thus, this Court lacks subject matter jurisdiction and remand is proper.

## III. Plaintiffs are Entitled to Attorneys' Fees under 28 U.S.C. § 1447(c) Because the Removing Defendants Had No Reasonable Basis to Remove This Action to Federal Court.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts may

---

[2]This is consistent with the holdings of federal courts in other jurisdictions. *See Dakota Bd. of Regents v. Hoops*, 624 F. Supp. 1179, 1181 (D.S.D. 1986) (plaintiff board of regents sought declaration of rights under memorandum agreement; after removal, the court ruled no diversity jurisdiction existed because the board of regents is not considered a "citizen" for purposes of diversity jurisdiction and granted plaintiff's motion to remand); *Kansas Public Employees Retirement System v. Boatmen's First Nat. Bank of Kansas City*, 982 F. Supp. 806, 809 (D. Kan. 1997) (applying Eleventh Amendment test to find that Kansas Public Employees Retirement System is an alter ego of the state of Kansas, and, therefore, is not a citizen for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332); *Kansas State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1293 (D. Kan. 2009) (remanding case to state court for lack of diversity, because "if the State of Kansas is the real party in interest bringing this action then its presence destroys diversity jurisdiction, because the statute requires a suit between *citizens* of different states") (emphasis in original); *Batton v. Ga. Gulf*, 261 F. Supp. 2d 575, 581 (M.D. La. 2003) (holding presence of State of Louisiana destroyed complete diversity in lawsuit brought by citizens of Louisiana against Louisiana Department of Health and Hospitals, a non-independent state agency, and various out-of-state manufacturers, since agency did not have citizenship).

6

award attorney's fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Haren & Laughlin Const. Co. v. Granite Re, Inc.*, No. 6:11-CV-3242-DGK, 2011 WL 5822414, at *3 (W.D. Mo. Nov. 16, 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Explained above, binding Eighth Circuit authority rejects Defendants' argument for removal—*i.e.*, that the University's status as an "arm of the State of Missouri . . . does not mean that this case is not removable to federal court." Dkt. 1 at 3 (citations omitted); *Pub. Sch. Ret. Sys. of Missouri*, 640 F.3d at 826 (explaining there is "no question" that a state arm is not a citizen for purposes of 1332(a)(1)). Moreover, Defendants were on notice that they lacked an objectively reasonable basis to remove this action to federal court, as the Petition directly warned them that this case is "not removable to federal court" because the University "is an 'arm of the state of Missouri,' and thus is not a 'citizen' of a different state for diversity jurisdiction under 28 U.S.C. § 1332(a)." Dkt. 1-1 at ¶ 12 (citing cases holding the University is an arm of the State of Missouri). Thus, because Defendants understood they had no objectively reasonable basis for removing this action yet did so anyway, Plaintiffs respectfully request an award of costs and fees. *See, e.g.*, *Schoenfeld v. Keiber*, No. 07-4020-CV-C-NKL, 2007 WL 1112621, at *3 (W.D. Mo. 2007) (holding award of attorneys' fees appropriate because binding Eighth Circuit authority rejected defendant's argument for removal); *Haren & Laughlin Const. Co. v. Granite Re, Inc.*, No. 6:11-CV-3242-DGK, 2011 WL 5822414, at *3 (W.D. Mo. Nov. 16, 2011) (holding award of attorneys' fees appropriate where it was "well-established in this circuit" that the case was not initially removable and "clear" that the revival exception defendants sought to invoke "could not apply"); *see also Martin*, 546 U.S. at 133 ("the appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonged litigation and imposing

costs on the opposing party"). Plaintiffs will submit an affidavit attesting to the fees and costs incurred upon request.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request this Court remand this action back to the 16th Judicial Circuit, Boone County, Missouri and award Plaintiffs' costs and fees.

Dated: July 8, 2022

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

_/s/_ Patrick J. Stueve
Patrick J. Stueve MO Bar # 37682
Ethan M. Lange MO Bar # 67857
Jordan A. Kane MO Bar # 71028
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
816-714-7100 (p)
816-714-7101 (f)
stueve@stuevesiegel.com
lange@stuevesiegel.com
kane@stuevesiegel.com

**COUNSEL FOR PLAINTIFFS THE CURATORS OF THE UNIVERSITY OF MISSOURI AND CAPITAL REGION MEDICAL CENTER**