IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER, <br><br>   Plaintiffs, <br><br> v. <br><br> CORIZON HEALTH, INC., and CORIZON, LLC, <br><br>   Defendants. | Civil Action No. 2:22-cv-04100 <br><br> Removed from the Circuit Court of Boone County, Missouri <br> Case No. 22BA-CV01701 |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Corizon Health, Inc. and Corizon, LLC ("Defendants" or "Corizon"), for their answer to Plaintiffs' Complaint, state as follows:

### PARTIES

1. Corizon admits that Plaintiff The Curators of the University of Missouri (the "Curators") is a state university that operates University Physicians and University of Missouri Health Care. Upon information and belief, Corizon admits that Curators includes accredited healthcare facilities that are authorized to operate as hospitals in the State of Missouri.

2. Corizon admits that Plaintiff Capital Region Medical Center ("Capital Region") is a nonprofit corporation organized under the laws of the State of Missouri with a principal place of business in Jefferson City, Missouri. Corizon further admits that Capital Region is an affiliate of

Curators that operates a healthcare facility. Upon information and belief, Corizon admits that this healthcare facility is accredited and authorized to operate as a hospital in the State of Missouri.

3. Corizon denies that Corizon Health, Inc. is a Delaware corporation. Corizon admits that Corizon Health, Inc. has a principal place of business in Brentwood, Tennessee. Corizon further admits that Corizon Health, Inc. actively provided correctional healthcare throughout the United States, including the State of Missouri, through May 5, 2022, that Corizon Health, Inc. is licensed to do business in the State of Missouri, and that Corizon Health, Inc. can be served through its registered agent as listed in Paragraph 3 of the Complaint.

4. Corizon denies that Corizon, LLC is a Missouri limited liability company, and rather clarifies that Corizon, LLC was a limited liability company with one member: Corizon Health, Inc. Corizon admits that it can be served through its registered agent as listed in Paragraph 4 of the Complaint.

5. Corizon denies the allegations in Paragraph 5 of the Complaint as stated. Corizon admits that Corizon, LLC was a limited liability company with one member: Corizon Health Inc.

6. Corizon admits that while Corizon, LLC was an active entity, Corizon, LLC had a commonality of management with Corizon Health, Inc.

7. Corizon denies the allegations in Paragraph 7 of the Complaint as Corizon, LLC no longer exists as an active entity.

**JURISDICTION AND VENUE**

8. Corizon admits that this Court has jurisdiction and that venue is proper, but notes that this case is removable to federal court on the basis of diversity of citizenship. *See* Notice of Removal, Doc. 1.

9. Corizon admits the allegations contained in Paragraph 9 of the Complaint.

10. Corizon admits the allegations contained in Paragraph 10 of the Complaint.

11. Corizon admits that venue is proper.

12. Corizon denies that this case is not removable on the basis of federal diversity jurisdiction.

13. Corizon denies that this case is not removable to federal court on the basis of federal diversity jurisdiction. Corizon admits that this case is not removable to federal court on the limited basis of federal question jurisdiction.

## FACTUAL ALLEGATIONS

14. Corizon admits that it entered into the Hospital Services Agreement (the "Agreement") on November 1, 2016, a redacted copy of which was attached to the Complaint as Exhibit A. Corizon consents to the confidentiality provision waiver requested in Paragraph 14 of the Complaint.

15. Corizon admits the allegations contained in Paragraph 15 of the Complaint.

16. Corizon admits the allegations contained in Paragraph 16 of the Complaint.

17. Corizon admits the allegations contained in Paragraph 17 of the Complaint.

18. Corizon admits the allegations contained in Paragraph 18 of the Complaint.

19. Corizon admits the allegations contained in Paragraph 19 of the Complaint.

20. Corizon states that Section 3 of the Agreement speaks for itself, and any allegations contained in Paragraph 20 of the Complaint that are contrary to Section 3 of the Agreement are denied. *See generally* Agreement, Compl., Ex. A, ¶ 3.

21. Corizon admits the allegations contained in Paragraph 21 of the Complaint.

22. Corizon admits the allegations contained in Paragraph 22 of the Complaint.

23. Corizon admits the allegations contained in Paragraph 23 of the Complaint.

24. Corizon admits the allegations contained in Paragraph 24 of the Complaint, but notes that this provision appears on page 6, not page 7, of the Agreement.

25. Corizon admits that the Agreement provides that "in the event payment is not made within such sixty (60) day time period, an interest charge of (1%) of the claim per month shall be paid," and clarifies that this provision, which is on page 6, not page 7, goes on to provide that: "However, any claim which has been properly denied before the 45th day shall not be subject to interest or penalties." Agreement, Compl., Ex. A, ¶ 3.1.3.

26. Corizon admits the allegations contained in Paragraph 26 of the Complaint.

27. Corizon admits the allegations contained in Paragraph 27 of the Complaint.

28. Corizon admits that patients were provided with Health Care Services. Corizon further admits that it was billed for those Health Care Services on approved hospital billing forms. Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement because of billing discrepancies.

29. Corizon denies the allegations contained in Paragraph 29 of the Complaint.

30. Because of billing discrepancies, Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement, therefore the allegations contained in this paragraph are denied as stated.

31. Because of billing discrepancies, Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement, therefore the allegations contained in this paragraph are denied as stated.

32. Corizon denies the allegations contained in Paragraph 32 of the Complaint.

33. Corizon denies that $12,000,000.00 is the correct amount owed pursuant to the Agreement. Corizon admits that it has not paid for all Health Care Services rendered because

Corizon believed that Plaintiffs failed to correctly or accurately bill for Health Care Services rendered. Because of these billing discrepancies, Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement.

34. Corizon denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT I: BREACH OF CONTRACT

35. Corizon incorporates and realleges its previous responses to the preceding paragraphs.

36. Corizon the allegations contained in Paragraph 36 of the Complaint.

37. Corizon denies the allegation contained in Paragraph 37 of the Complaint.

38. Because of billing discrepancies, Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement, therefore the allegation contained in this paragraph is denied as stated.

39. Corizon admits that beginning in 2020, Corizon did not pay for all Health Care Services rendered because Corizon believed that Plaintiffs failed to correctly or accurately bill for Health Care Services rendered. Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement because of billing discrepancies.

40. Corizon denies the allegations contained in Paragraph 41 of the Complaint.

41. Corizon denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

42. Corizon denies the allegations contained in Paragraph 42 of the Complaint.

43. Corizon incorporates and realleges its previous responses to the preceding paragraphs.

44. Corizon admits the allegations contained in Paragraph 44 of the Complaint.

45. Because of billing discrepancies, Corizon denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement, therefore denied as stated.

46. Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies them.

47. Corizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, particularly as to Plaintiffs' expectation of payment for the Completed Claims, and therefore denies this allegation. Corizon denies that it "withheld" payments, instead Corizon did not pay for all Health Care Services rendered because Corizon believed that Plaintiffs failed to correctly or accurately bill for Health Care Services rendered. Corizon further denies that the Health Care Services rendered were properly billed as "Completed Claims" as defined in the Agreement because of billing discrepancies.

48. Corizon denies the allegations contained in Paragraph 48 of the Complaint.

49. Corizon denies the allegations contained in Paragraph 49 of the Complaint.

50. Corizon denies the allegations contained in Paragraph 50 of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the doctrines of unclean hands, waiver, estoppel, and laches.

3. Plaintiffs' breach of contract claim is barred as Plaintiffs were the first to materially breach the Agreement by failing to correctly or accurately bill for Health Care Services rendered.

4. Plaintiffs' claims are barred to the extent they failed to properly and timely appeal the denial or underpayment of claims or failed to exhaust the remedial measures included in the Agreements and provider manuals.

5. Corizon reserves the right to assert such additional defenses and additional affirmative defenses as may be revealed by discovery in this matter.

**WHEREFORE**, Corizon, having fully answered the allegations set forth in the Complaint against it, respectfully requests this Court to dismiss Plaintiffs' Complaint with prejudice and, to the extent permitted by law, award Corizon reasonable attorneys' fees, costs, and any additional relief that is appropriate in connection with this action.

Respectfully submitted,

_/s/R.Thomas Warburton_
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com

*Counsel for Defendants Corizon Health, Inc. and Corizon, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 11, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system. We provided copies to:

    Patrick J. Stueve
    Ethan M. Lange
    Jordan A. Kane
    Stueve Siegel Hanson LLP
    460 Nichols Road, Suite 200
    Kansas City, Missouri 64112
    stueve@stuevesiegel.com
    lange@stuevesiegel.com
    kane@stuevesiegel.com

*Counsel for Plaintiffs*

                                        */s/R.Thomas Warburton*
                                        R. Thomas Warburton