IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., and CORIZON, LLC,<br><br>Defendants. | Civil Action No. 2:22-cv-04100-NKL<br><br>Removed from the Circuit Court of Boone County, Missouri<br>Case No. 22BA-CV01701 |

**DEFENDANTS' RESPONSE TO MOTION TO REMAND**

This motion to remand presents the following question of law: Does the presence of a plaintiff that claims to be an arm of the state destroy diversity jurisdiction where there is another plaintiff involved that creates diversity jurisdiction and any recovery would not go to the state treasury? Defendants Corizon Health, Inc. and Corizon, LLC (collectively, "Corizon") respectfully submit that the answer to this question is no. Put another way, it is undisputed that there is no diversity jurisdiction in a lawsuit brought *exclusively* by the state, but here, there is another plaintiff not alleged to be an arm of the State of Missouri, which indisputably is diverse from both Defendants. And there is no question that the amount in controversy threshold is met. Thus, diversity jurisdiction exists unless: (1) Plaintiff The Curators of the University of Missouri ("University") is an arm of the state in the context of this suit *and* (2) the University's presence in the suit destroys diversity jurisdiction that otherwise would exist.

The University assumes it will be treated as an arm of the state, but cites authority so finding *only* in the context of the Eleventh Amendment. Here, the University acts as a plaintiff and seeks to use its governmental affiliation as a sword, rather than a shield. And although the framework for assessing diversity jurisdiction involving an alleged arm of the state is derived from precedent interpreting the Eleventh Amendment, it does not follow that an entity that may enjoy sovereign immunity will necessarily be considered an arm of the state when acting as a plaintiff. The key question instead is whether the State of Missouri is the real party in interest and its treasury will be affected by a judgment. Here, any judgment would compensate the work of the individual health care facility that is the subject of the contract; it would not flow to the state treasury itself. As a result, the University should not be considered an arm of the state in the context of this case.

Further, diversity jurisdiction exists even if the University is considered an arm of the State. Diversity jurisdiction requires complete diversity—*i.e.*, that no plaintiff and no defendant are citizens of the same state. That is satisfied here because Plaintiff Capital Region Medical Center ("Capital Region") is indisputably a citizen of Missouri, and Defendants are citizens of other states. Nothing in the statute creating diversity jurisdiction requires that every party be a citizen of a state. As a result, there is diversity jurisdiction here regardless of whether the Court determines that the University is an arm of the State.

## ARGUMENT

### I. In its capacity as a Plaintiff in this lawsuit, the University is not considered an arm of the State because the State is not a real party in interest.

Supreme Court precedent establishes that "a State is not a 'citizen' for purposes of the diversity jurisdiction," *but* "a political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes." *Moor v. Alameda Cnty.*, 411 U.S.

693, 717 (1973) (quotations omitted). In the context of this case, the University is not an arm or alter ego of the State of Missouri, so it is a citizen of Missouri. Diversity jurisdiction thus exists.

The "ultimate question" in determining whether an entity is an arm of the State for purposes of establishing diversity jurisdiction is "whether a State is the real party in interest in a case involving the entity." *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011); *see also State of Mo. ex rel. Webster v. Freedom Fin. Corp.*, 727 F. Supp. 1313, 1315 (W.D. Mo. 1989) ("[I]n cases where a state is only a nominal party to an action, the Court should look to who is the actual party plaintiff since the mere presence of the state as a nominal party plaintiff will not defeat diversity jurisdiction in federal courts."). Determining whether the State is the real party in interest requires the court to consider: (1) the party's "independence from the State" and (2) "how a money judgment in litigation involving [the party] could affect the State['s] treasury." *Pub. Sch. Ret. Sys.*, 640 F.3d at 827.

Importantly, whether an entity is an arm of the state is decided on a case-by-case basis, as whether the state is a real party in interest or could be affected by a particular judgment depends on the facts of that case. *See, e.g.*, *Peter Kiewit Sons Co. v. S. Dakota State Highway Comm'n for & on Behalf of Dep't of Highways, State of S. D.*, 269 F. Supp. 333, 336 (D.S.D. 1967) ("To determine the question of real parties in interest the court must consider the nature of the case as presented by the whole record . . . ."); *Gidney v. Nw. Arkansas Cmty. Coll. ex rel. Bd. of Trustees*, No. 5:13-CV-05061, 2014 WL 2215855, at *10 (W.D. Ark. May 29, 2014) (referring to the "fact-intensive" inquiry necessary to determine whether an entity was an arm of the state) (citing *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 56 F.3d 68 (Table), 1995 WL 329591 (8th Cir. 1995) (per curiam)). Just as in the Complaint (Doc. 1-1 ¶ 12[1]), in each case that Plaintiffs cite as

---

[1] The Complaint cited only *Sherman* and *Brantl*.

demonstrating that the University is an arm of the State, the University was named as a defendant, and the courts held that sovereign immunity barred the claims. *See, e.g.*, *Hershey v. Curators of Univ. of Missouri*, No. 2:20-CV-04239-MDH, 2022 WL 1105743, at *4 (W.D. Mo. Apr. 13, 2022); *Ormerod v. Curators of Univ. of Missouri*, 97 F. App'x 71, 72 (8th Cir. 2004); *Scherer v. Curators of Univ. of Missouri*, 49 F. App'x 658, 658 (8th Cir. 2002); *Sherman v. Curators of the Univ. of Missouri*, 871 F. Supp. 344, 348 (W.D. Mo. 1994); *Brantl v. Curators of Univ. of Missouri*, 616 S.W.3d 494, 501 (Mo. Ct. App. 2020).

But although the relevant test for citizenship purposes mirrors that for sovereign immunity, that does not mean the result will be the same. *Cf. United States ex rel. Fields v. Bi–State Dev. Agency of the Missouri–Illinois Metro. Dist.*, 829 F.3d 598, 600 (8th Cir. 2016) (noting that although the relevant argument "involved the same 'arm of the state' analysis that courts use to determine Eleventh Amendment immunity," the result may be different for FCA claims than for the defense of sovereign immunity). This is why Corizon explained in the notice of removal that both cases cited—*Sherman* and *Brantl*—"merely stand[ ] for the proposition that [the University] has sovereign immunity" and "in no way bar[ ] removal of this case." Doc. 1, ¶ 10. The University may have sovereign immunity when it is sued as a defendant, but not be considered an "arm of the state" here when it is acting as a plaintiff attempting to collect money for a specific facility.

The crux of this Complaint is an alleged breach of contract between Corizon and "Hospital" under which "Hospital" provided health care services to inmates or detainees, for which Corizon was to pay. Doc. 1-1, Compl. ¶¶ 14–20. The use of the singular term "Hospital" to refer to both Plaintiffs is telling; as demonstrated in the contract, this Complaint relates to services provided at a single health care provider. Doc. 1-1, Compl. Ex. A at 1. And from the descriptions in the Complaint, it appears that the University operates its health care system generally, while Capital

Region operates this particular hospital.  *See* Doc. 1-1, Compl. ¶¶ 1, 2.  Although the University signed the contract at issue, it is Capital Region which benefits from the payments made and "is entitled to enforce the right asserted."  *Webster*, 727 F. Supp. at 1316.

And, even assuming that the University is a real party in interest, that does not mean the State of Missouri is.  To support the idea that it is an arm of the State, the University exclusively cites cases in which it was named as a defendant, so there was a risk of a judgment against it.  *See, e.g.*, *Hershey*, 2022 WL 1105743, at *4; *Ormerod*, 97 F. App'x at 72; *Scherer*, 49 F. App'x at 658.  In determining that sovereign immunity applied, the "most important[ ]" issue was "whether any judgment rendered against the defendant [would] be paid by state funds."  *Sherman*, 871 F. Supp. at 346.  Here, there is no risk of a judgment against the University and no risk that state funds will be used to pay the judgment.  Thus, the holding of these cases is not determinative here.

Instead, when it is a plaintiff who claims to be an arm of the state, the primary question is whether a "recovery in their favor could benefit" the state treasury.  *Pub. Sch. Ret. Sys.*, 640 F.3d at 827; *see also Missouri State Emps.' Ret. Sys. v. Credit Suisse, New York Branch*, No. 09-4224-CV-C-NKL, 2010 WL 318652, at *3 (W.D. Mo. Jan. 21, 2010) (citation omitted).  Plaintiffs make no attempt to address this fundamental question.  And it is not at all clear why a recovery at an individual health care facility could benefit the state treasury; Plaintiffs have not alleged that payments received go to the state treasury.  Presumably, this facility has its own operational budget—like all other healthcare facilities—and payments made support that budget.

To the extent that the Court requires evidence on this subject, Corizon respectfully requests jurisdictional discovery.  "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."  *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (holding that district court was required to consider affidavits submitted

5

following removal); *cf. KC Ravens, LLC v. Micah Energy Corp.*, No. 4:13-00870-CV-DGK, 2013 WL 12159426, at *1 (W.D. Mo. Oct. 17, 2013) (explaining necessity of jurisdictional discovery in determining LLC membership because opposing party would lack information regarding the same). As a healthcare provider itself that works with government entities, Corizon has good reason to believe that the funds here are maintained at a facility-level. Corizon also suspects that the State exercises little control over the University's health care operations (beyond the regulatory authority imposed on all health care providers). However, the actual proof of that is in the sole possession of Plaintiffs, so if the Court considers this issue dispositive, Corizon should be permitted jurisdictional discovery as to the limited issues of how much control the State of Missouri exercises with respect to the facility at issue here and where payments made to the "Hospital" are allocated.

**II.      Diversity jurisdiction exists when an arm of the state is *a* plaintiff, but not the sole plaintiff.**

Nearly all of the cases that Plaintiffs cite address a different question than the one presented here: Whether diversity jurisdiction exists in a suit between *only* a state or arm of a state and a citizen of a different state. *See Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) (establishing that a "state is not a citizen" and diversity jurisdiction does not exist when a state alone sues a citizen of another state); *State Highway Comm'n of Wyoming v. Utah Const. Co.*, 278 U.S. 194, 200 (1929) (same, quoting *Postal Tel. Cable*); *Pub. Sch. Ret. Sys.*, 640 F.3d at 833 (both plaintiffs were arms of the state, so no diversity jurisdiction); *Missouri State Emps.' Ret. Sys.*, 2010 WL 318652, at *1 (only plaintiff was arm of the state so no diversity jurisdiction). That is a settled issue of little consequence here, as this is not a case where all plaintiffs or all defendants are arms of the state. Plaintiffs' cases simply do not go far as they try to extend them here.

6

The actual question presented here—whether the presence of a state entity destroys diversity jurisdiction that would otherwise exist—is an unsettled question of law. Defendants are aware of non-binding cases in this Circuit that hold that the presence of an arm of the state does destroy such diversity. *E.g.*, *Wilkerson v. Missouri Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003); *Jakoubek v. Fortis Benefits Ins. Co.*, 301 F. Supp. 2d 1045, 1048 (D. Neb. 2003); *McDanel v. BNSF Ry.*, No. 2:14CV46 CDP, 2014 WL 3579570, at *3 (E.D. Mo. July 21, 2014). None of these cases actually performed a detailed analysis of the question, however, appearing to assume that there is no difference between an arm of a state being the *exclusive* plaintiff or defendant, and an arm of the state being *a* plaintiff or defendant.

Where there are diverse parties involved, there is no reason to disregard diversity simply because an arm of the state is also named. Section 1332 creates jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Interpretative case law has explained that this statute requires "complete diversity" between the parties, and "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Nothing in § 1332 suggests, however, that every party must be a citizen of a state for jurisdiction to exist. If all of the plaintiffs and defendants who *are* citizens of a state are citizens of different states, then the lawsuit "is between citizens of different States," 28 U.S.C. § 1332(a)(1), and "no defendant holds citizenship in the same state where any plaintiff holds citizenship," *OnePoint Sols.*, 486 F.3d at 346. Therefore, diversity jurisdiction exists even if the University is considered an arm of the State.

**III.     No fees or costs are warranted.**

The Court should deny the motion to remand, but even if it does not, it should not award costs and attorney's fees. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Given the state of the law and unusual posture of this case, Corizon had an objectively reasonable basis for removing this action. Further, contrary to what Plaintiffs suggest, Corizon was not required to defer to Plaintiffs' legal conclusion that this action was not removable as alleged in the Complaint, particularly given that the cases cited dealt only with sovereign immunity and not diversity jurisdiction. *See* Doc. 1-1, Compl. ¶ 12. As a result, fees and costs should not be awarded. *See, e.g.*, *BCBSM, Inc. v. I.B.E.W. 292 Health Care Plan*, No. CV 21-1885 (JRT/TNL), 2022 WL 867232, at *7 (D. Minn. Mar. 23, 2022) (granting motion to remand but denying request for fees and costs because the "fact pattern presented [t]here [was] uncommon and test[ed] novel . . . arguments"); *Marzette v. Anheuser-Busch, Inc.*, No. 4:10-CV-539 CEJ, 2011 WL 250996, at *3 (E.D. Mo. Jan. 26, 2011) (granting motion to remand but denying request for fees and costs due to unsettled state of the law).

## CONCLUSION

For the foregoing reasons, Corizon respectfully requests that the Court deny Plaintiffs' motion to remand or, in the alternative, grant jurisdictional discovery as to the limited issues of how much control the State of Missouri exercises with respect to the facility at issue here and

where payments made to the "Hospital" are allocated. If the Court grants the Motion, Corizon respectfully requests that it deny the demand for fees and costs.

Respectfully submitted,

   *s/ R. Thomas Warburton*
R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com

*Counsel for Defendants Corizon Health, Inc. and Corizon, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system. We provided copies to:

   Patrick J. Stueve
   Ethan M. Lange
   Jordan A. Kane
   Stueve Siegel Hanson LLP
   460 Nichols Road, Suite 200
   Kansas City, Missouri 64112
   stueve@stuevesiegel.com
   lange@stuevesiegel.com
   kane@stuevesiegel.com

*Counsel for Plaintiffs*

   *s/ R. Thomas Warburton*
R. Thomas Warburton